# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| FASSIL TSEGAYE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | Civil No. 3:14-0978 |
| ) | JUDGE CAMPBELL |
| ) | JURY DEMAND |
| ) | |
| THE AMALGAMATED TRANSIT ) | |
| UNION, LOCAL 1235, ) | |
| ) | |
| Defendant. ) | |

## INITIAL CASE MANAGEMENT ORDER # 1

A.  JURISDICTION:

Jurisdiction is based on §301 of the Labor-Management Relations Act of 1947, as amended, 29 USC §159(a). The Court's jurisdiction is not in dispute.

B.  BRIEF THEORIES OF THE PARTIES:

1)  PLAINTIFF:

On June 29, 2013, a bus passenger riding on the bus driven by plaintiff erroneously reported to an MTA supervisor that plaintiff was using a cell phone while driving, which if true would have been a violation of MTA's "zero tolerance" policy forbidding such conduct. MTA buses, including the bus being operated by plaintiff at the time and place in question, are equipped with video recording equipment which is designed to record driver activity.

MTA review of the video of plaintiff's actions on the day in question were reported internally as showing plaintiff "…with his head down doing something in his lap" and

1

"…looking down in [his] lap." MTA interpreted the video as showing a cell phone being "clearly visible" in plaintiff's left hand.

On July 3, 2013, MTA notified plaintiff in writing, in a document authored by Charles Mitchell, MTA's Director of Operations, that it had "reason to believe" that he used a cell phone at the time and place in question, and suspended him without pay. MTA invited plaintiff to provide it with "[his] side of the story."

By electronic mail dated July 11, 2013, Demetrious Woods, MTA Supervisor, notified Charles Mitchell that there existed a second passenger report to the effect that plaintiff was "texting" while on duty on the day and date in question.

Plaintiff absolutely and honestly denied the conduct alleged, and presented MTA with copies of his cell phone service provider's records by letter dated July 19, 2013, which records showed conclusively that plaintiff had not, in fact, used his cell phone for any purpose on the date and at the times in question. Nevertheless, on July 24, 2013, Charles Mitchell wrote to plaintiff, informing him that he (plaintiff) needed to come to MTA's office, log on to his cell phone provider's Website, and allow MTA to verify the accuracy of the records that plaintiff had submitted. Plaintiff complied with that request.

The records provided to MTA by plaintiff, both in writing and by allowing MTA direct access to plaintiff's cell phone provider's Website, showed conclusively that plaintiff had not used his cell phone in any way or for any purpose at the time and place in question. Even in view of this wholly exonerating evidence, MTA terminated plaintiff's employment on July 29, 2013. MTA's stated reason for doing so was plaintiff's alleged use of his cell phone while on duty.

Plaintiff did not, in fact, use his cell phone for any purpose at the time and place in question.

Plaintiff notified the Union of MTA's position and its actions immediately after he became aware of the false charges made against him, as aforesaid.

The contract between the Union and MTA provides, in pertinent part, for arbitration of MTA decisions, such as the decision to terminate plaintiff's employment, which are in practical effect decisions which negatively affect an employee's employment status. By way of example and not by way of limitation, exact copies of articles 5 (Employee Discipline), 7 (Grievance Procedure), and 8 (Arbitration) of the Memorandum of Agreement Between Davidson Transit Organization and The Amalgamated Transit Union 1235, Nashville, Tennessee, are made Collective Exhibit 1 hereto and incorporated herein by reference as if set out *verbatim*. Likewise, exact copies of sections 19.2 (Assistance for Arbitration and Fact-Finding) and 22.1 (Chargeable Offenses) of the Constitution and General Laws of the Amalgamated Transit Union, of which the defendant is an affiliate, are made Collective Exhibit 2 hereto and incorporated herein by reference as if set out *verbatim.*

As articulated hereinabove, MTA denied the grievance filed by and on behalf of plaintiff. Even though it had full knowledge of the facts and circumstances surrounding the termination of plaintiff's employment, including but not limited to the cell phone service provider's records which exonerated plaintiff, the defendant expressly refused to take the termination of plaintiff's employment to arbitration, as it had an absolute right to do. The Union's failure to require arbitration of the termination of plaintiff's employment was and is a *per se* violation of section 22.1, which is part of Collective Exhibit 2.

As a matter of law, the Union owed plaintiff a non-delegable duty of fair representation, which duty is, as a matter of law, a necessary overlay to the Union's right of exclusive representation. The Union was required, as a matter of law, to exercise its discretion to serve

plaintiff's interests, and to do so with complete good faith and honesty, and to avoid at all costs arbitrary conduct which served to the detriment of plaintiff. By failing to insist upon arbitration of MTA's wrongful and factually unsupported decision to terminate plaintiff's employment as aforesaid, the Union failed absolutely in that duty. As a direct and proximate result of the Union's wrongful acts and omissions as aforesaid, plaintiff has lost and will continue to lose his salary; he has lost and will continue to lose the value of the benefits of his former employment by Metro; his ability to earn has been diminished; he has been humiliated and held up to ridicule; he has suffered and will continue to suffer psychological injury; and plaintiff has been otherwise damaged financially.

2.) DEFENDANT:

At all time relevant, there was a Memorandum of Agreement (also, "Agreement") between the Davidson Transit Organization (also, "MTA") and the Amalgamated Transit Union Local 1235 (also, Union") that is effective from July 1, 2012 through June 30, 2015. That Agreement provides for grievance/arbitration procedures to encourage resolution of disputes between employees of MTA and the Union.. The Union is a labor organization as defined by the Labor-Management Relations Act as amended, and it is recognized by MTA as a bargaining agent of certain employees of MTA.

Plaintiff was a long-time employee of MTA and a member of the Union. He was terminated on July 29, 2013, and he filed a grievance on August 2, 2013. MTA timely filed a response denying the grievance. Plaintiff was terminated for 1) using an electronic devise while operating a revenue vehicle in motion; 2) operating a revenue vehicle without wearing a seatbelt; 3) failing to pull into the pull-off on Bell Road to board passengers; 4) opening the front door

while the revenue vehicle was in motion; and 5) failing to make a complete stop at the railroad tracks.

At a regular monthly meeting of the Union, which the Plaintiff was present and participating, the assembled members voted against arbitration of the grievance. Plaintiff failed to file the appeal of the denial to arbitrate to the International President, in accordance with the Constitution and General Bylaws of the International Union, which the Union was an affiliate. This was a requirement before exhausting internal appeals. Plaintiff's cause of action is barred by his failure to exhaust the internal appeals process.

As to the merits of Plaintiff's claim, he must show that MTA violated the Agreement prior to proceeding with his claim against the Union for unfair representation. Plaintiff cannot meet this burden.

The Union's representation of Plaintiff was in good faith. The Union fairly investigated and processed the grievance to a decision. The membership's decision not to proceed to arbitration was without discrimination or hostility. The membership's decision was rational. The Union is not required to take every grievance to arbitration, only those worthy of arbitration.

 C. ISSUES RESOLVED: Jurisdiction and venue.

 D. ISSUES STILL IN DISPUTE: Liability and damages.

  1) Whether MTA breached the Agreement.

  2) Whether Plaintiff exhausted his internal remedies.

  3) Whether the Union breached any duty of fair representation owed to Plaintiff.

  4) What damages, if any, are appropriate.

E. INITIAL DISCLOSURES AND STAGING OF DISCOVERY: The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. on or before July 10, 2014.

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before February 10, 2015. Discovery is not stayed during dispositive motions, unless ordered by the Court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and are unable to resolve their differences.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before February 10, 2015.

H. DISCLOSURE OF EXPERTS: The Plaintiff shall identify and disclose all expert witnesses and expert reports on or before March 3, 2015. The Defendant shall identify and disclose all expert witnesses and reports on or before April 3, 2015.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before May 29, 2015.

J. JOINT MEDIATION REPORT: The parties will file a Joint Mediation Report by December 31, 2014.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before June 22, 2015. Responses to dispositive motions shall be filed within twenty-one (21) days after service/filing. Optional replies shall be filed within fourteen (14) days after service/filing of the response. Briefs shall <u>not exceed</u> 25 pages.

L. The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

M. ESTIMATED TRIAL TIME: The parties expect the trial to last approximately 2-3 days.

It is so **ORDERED:**

_____
JULIET GRIFFIN
UNITED STATES MAGISTRATE JUDGE

APPROVED FOR ENTRY:


/s/ Phillip L. Davidson
Phillip L. Davidson, #6466
Attorney at Law
2400 Crestmoor Road, Suite 107
Nashville, TN 37215
(615) 386-7115
Attorney for Plaintiff

/s/ Lawrence D. Wilson
Lawrence D. Wilson, #4076
2400 Crestmoor Road, Suite 312
Nashville, TN 37215
615-386-7145
Attorney for Plaintiff


/s/ James G. Stranch, III
James G. Stranch, III, BPR #002542
Branstetter, Stranch & Jennings, PLLC
227 Second Avenue North
Fourth Floor
Nashville, Tennessee 37201-1631
(615) 254-8801

Attorney for Defendant

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that the foregoing has been served via electronic court filing on the following:

| | |
|---|---|
| Phillip L. Davidson | Lawrence D. Wilson |
| 2400 Crestmoor Road, Ste 107 | 2400 Crestmoor Road, Ste 312 |
| Nashville, TN  37215 | Nashville, TN  37215 |

Dated: June 17, 2014

                                            /s/ *James G. Stranch, III*
                                            James G. Stranch, III